

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

The State Board of Embalming
Austin   -22 - Texas

Gentlemen:

Attention: Mr. Chas. B. Cook,
Secretary

Opinion No. 0-6563
Re: Tenure of members of Texas
State Board of Embalming under
S. B. 276, 46th Legislature.

Your request for an opinion by this Department upon the above subject matter is as follows:

"The Texas State Board of Embalming consisted of five members with appointments of two-year terms, until 1939 when Texas Senate Bill No. 276, passed by the Regular Session of the Forty-Sixth Legislature, created a six-member Board, with appointments of six-year terms, designating that two places on the Board should become vacant every two years.

"At that time one Ray Crowder of Fort Worth, Texas, was appointed on the Board as the sixth member to serve a six-year term; however, this necessitated making one single appointment every three years, as you can readily see by the present expiration dates of all Board members, listed below:

| | |
|---|---|
| Mr. Ray Crowder , Fort Worth, Texas | May 31, 1945 |
| Mr. Chas. B. Cook, Austin, Texas | May 31, 1947 |
| Mr. Glenn W. Massie, McKinney, Texas | May 31, 1947 |
| Mr. Robert L. Burgess, Bowie, Texas | May 31, 1948 |
| Mr. Geo. W. Loudermilk, Dallas, Texas | May 31, 1949 |
| Mr. Clyde Bannon, Lamesa, Texas | May 31, 1949 |

"Would it be legal for the Governor to make either a three-year or a six-year appointment, May 31, 1945?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRS.

The rule governing the tenure of an officer is, that where a statute creates an office and prescribes the length of the term of the incumbent, without fixing the date of the beginning or termination of such term, the date of the first appointment determines the beginning of the tenure of such appointee and all successive tenures. (See Opinion No. 0-5096)

The legislative genealogy of the State Board of Embalming is as follows:

Senate Bill 76, Chapter XCV, of the General Laws of the 28th Legislature (1903) first established the Board:

"There is hereby established and created a Board to be known as the State Board of Embalming. The said Board shall consist of five (5) Members to be appointed by the State Health Officer, and all vacancies occurring in the Board shall be filled by the State Health Officer for the unexpired term. The term of each member of said Board shall be for two years, except those which are first appointed, who shall serve as follows: One for one year, two for two years and two for three years. The State Health Officer shall designate the number of years in his appointment each member shall serve. The members of said Board shall be practical embalmers, having experience in said business and the care of and the disposition of dead human bodies. The members of said Board shall be citizens of this State. All eligible for reappointment. The appointing officer shall remove any member of said Board for neglect of duty, incompetency or improper conduct.

"The Board shall be appointed on or before the 1st day of June, 1903, and all vacancies occurring thereafter, by the expiration of their respective terms of office shall be filled annually thereafter on the aforesaid date."

Senate Bill No. 182, Chapter 324, of the Regular Session of the 44th Legislature (1935) amended S. B. No. 76, as follows:

"The State Board of Embalming shall consist of five (5) members, who shall be appointed by the State Board of Health, and who shall be licensed embalmers, experienced in said business, and the care and disposition of dead human bodies. TheTterms of office of the present members of the Board shall not be affected by this Act but as the terms of office of the present members expire after the effective date of this Act, successors shall be appointed for the following terms: Two (2) for a period of two (2) years; two (2) for a period of four (4) years, and one (1) for a period of six (6) years, the first vacancies to be filled by appointments for two (2) years and the next for four (4) years and the next for six (6) years. The appointees shall serve for the term designated in their appointment, or until their successors shall be appointed and shall have qualified, unless sooner removed for cause."

Finally, Senate Bill No. 276 of the 46th Legislature, Regular Session, provides:

"The State Board of Embalming shall consist of six (6) members who shall be licensed embalmers experienced in the business and in the care and disposition of dead human bodies. The members of said Board holding office at the time of the effective date of this Act shall continue to hold office for the duration of the term for which they were appointed. Any vacancies existing on the Board at the time of the effective date of this Act shall be filled by the Governor of Texas subject to confirmation by the Senate, and the Governor shall thereafter have the power to fill vacancies on the Board as they occur, and shall in appointing said members so designate their terms that two (2) places on the Board shall become vacant each two (2) years. The term of office of each member shall be six (6) years, All appointments shall be confirmed by a two-thirds vote of the Senate of Texas. Any vacancy in an unexpired term shall be filled by appointment of the Governor for the unexpired term."

Now, Senate Bill 276 became effective September 22, 1939, at which time there existed a vacancy on the Board (the sixth newly created member) and the Governor was for the first time authorized to make an appointment. Prior to that time there was no vacancy (sixth) to be filled. Nevertheless, it appears from the records of the Secretary of State that on June 16, 1939, Governor O'Daniel attempted to appoint Mr. Ray Crowder of Fort Worth, for a six-year term, expiring May 31, 1945. According to the records of the Secretary of State's office, at the time of the effective date of Senate Bill No. 276, the Board consisted of A. B. Rogers, whose term would expire May 31, 1943, George Loudermilk, whose term would expire May 31, 1943, E. B. Ham, whose term would expire May 31, 1940, Charles B, Cook, whose term would expire May 31, 1940, and R. L. Burgess, whose term would expire in 1942.

Prior to the effective date of such Bill, therefore, the Board legally consisted only of the above-named five member -- Rogers, Loudermilk, Ham, Cook and Burgess, with expirations as above shown.

By and large it was the intention of the Legislature in Senate Bill No. 276, creating a six-member Board, that "two (2) places on the Board shall become vacant each two (2) years."

The only way to give effect to that intention (and the proper way, we think) is to treat the attempted appointment of Mr. Crowder as void and of no effect until the effective date of Senate Bill 276, at which time it should be given the effect of a vacancy appointment terminating with the term of Mr. Burgess on, to-wit, May 31, 1942, at which time the position was open for a full six-year term ripe for appointment. Since no such appointment at that time was made, it would follow that Mr. Crowder has since said time held over under Section 17, of Article XVI, of the Constitution providing that, "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." His official acts at all times in this connection have been perfectly legal, but there exists a vacancy for the balance of the term expiring May 31, 1948. From this it follows the Governor may make such appointment for such vacancy at any time.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED MAY 16, 1945

Carlos Ashley (S)

FIRST ASSISTANT

ATTORNEY GENERAL

APPROVED
Opinion